(No. 5894—

GEORGE R. HAMMOND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 16, 1977.*

SUEKOFF & SILVERMAN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

POLOS, C. J.

This action is a claim against the State for time unjustly served in a prison of this State, brought pursuant to Ill.Rev.Stat. Ch. 37, §439 8(c). On February 20, 1964, Claimant, George Hammond, was convicted by a jury in the Circuit Court of Cook County of attempted

robbery, and sentenced to a term of 10 to 12 years in the Illinois State Penitentiary. A notice of appeal was filed on February 27, 1964, but was dismissed on April 25, 1967. On February 2, 1968, the State's Attorney of Cook County, Illinois, procured an order from the Circuit Court forfeiting Claimant's appeal bond, and a capias issued for his arrest.

On February 14, 1968, Claimant was arrested and incarcerated in the Cook County Jail. On March 22, 1968, Claimant was transferred to the Illinois State Penitentiary in Joliet and remained there until June 8, 1968, when he was released on bond pending his appeal which had been reinstated by his new counsel. Claimant remained free on bond thereafter, and on October 8, 1969, his conviction was reversed without remand by the Illinois Appellate Court, First District.

This cause is to be decided under the provisions of Section 8 of the Court of Claims Act as in effect prior to its amendment by Public Act 77-2089, effective October 1, 1972. That section provided, in pertinent part:

> ... §8. The Court shall have exclusive jurisdiction to hear and determine the following matters: ... (c) All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned ... provided, the court shall make no award in excess of the following amounts: ... for imprisonment of five years or less, not more than $15,000 ...

The burden, therefore, rests upon Claimant to establish, by a preponderance of the evidence, that he was innocent of the "fact" of the crime for which he was convicted, and the amount of damages to which he is entitled. See *Tate v. State,* 25 Ill.Ct.Cl. 245; *Pitts v. State,* 22 Ill.Ct.Cl. 258.

As this Court said in *Dirkans v. State,* 25 Ill.Ct.Cl. 343, 347, in construing Section 8(c) of the Court of Claims Act prior to its amendment:

It is the studied opinion of this court that the legislature of the State of Illinois in the language of Ch. 37, §439.8(c), Ill.Rev.Stat., intended that a claimant must prove his innocence of the "fact" of the crime. It was not, we believe, the intention of the General Assembly to open the treasury of the State of Illinois to inmates of its penal institutions by the establishment of their technical or legal innocence of the crimes for which they were imprisoned.

Claimant testified, as he did at his criminal trial, that in the early morning hours of September 30, 1963, he observed a man who appeared to be drunk standing at the intersection of Union Avenue and 63rd Place, in the City of Chicago. He said that he also noticed three young men in the vicinity. Claimant said that he approached the man to warn him of a possible robbery attempt by the three youths when the man pulled a gun and pointed it at him. Another man suddenly ran towards him, and he fled. The two men were police officers in plainclothes, and they captured Claimant and charged him with attempted robbery.

William O'Brien, a Chicago Police Officer, was the man whom Claimant approached on the morning of September 20, 1963. O'Brien testified that an individual attempted to rob him by brandishing a knife at his throat, and that he was assisted by two black youths named Nielson and Jackson. O'Brien said that when he announced that he was a police officer and drew his gun, all three assailants fled the scene. Claimant was apprehended by O'Brien with the assistance of one of his partners who had been waiting in a nearby squad car. They subsequently arrested two other youths and charged all three with participating in the attempted robbery.

O'Brien said that he subsequently returned to the scene of the incident and found a knife in the street. He said that he marked it with his initials and caused it to be inventoried and sent to the Evidence and Recovered

Property Section of the Chicago Police Department. No fingerprints were taken from the knife.

Neither of the two officers who assisted O'Brien in arresting Claimant testified for Respondent, as they were not in a position to observe the incident.

Thus, we are faced with a problem of credibility. Claimant has testified to one version of the facts, and Respondent, through Officer O'Brien, presented directly contradictory testimony.

The Court notes, however, that O'Brien's testimony that he inventoried the knife is in conflict with his testimony at Claimant's criminal trial, where he stated that he kept the knife in his personal possession between the incident and the criminal trial. Also, in reversing Claimant's conviction, the Appellate Court stated, "The actual sequence of events immediately and during the alleged robbery attempt is not altogether plausible as related by O'Brien."

More significantly, Officer O'Brien testified at the hearing herein that he is presently unable to identify the individual who allegedly attempted to rob him on the morning of September 20, 1963. Claimant's testimony that he did not attempt to rob Officer O'Brien thus stands uncontradicted on this record, as O'Brien was unable to identify Claimant as a participant in the robbery.

We, therefore, conclude that Claimant has established, by a preponderance of the evidence, his innocence of the "fact" of the crime with which he was charged.

As a result of his conviction, Claimant was incarcerated in the Cook County Jail from February 14, 1968, to March 22, 1968, and in the Illinois State Penitentiary

from March 22, 1968, to June 28, 1968. He was employed at the time of his incarcerations and claims a wage loss of $2,783.20, as well as substantial out-of-pocket expenses related to the defense and appeal of the conviction, including attorney's fees.

We do not consider attorney's fees, and other costs incurred by Claimant in defending and appealing his conviction, to be proper elements of damage in this action. The action for wrongful imprisonment is wholly a creature of statute, and we think it clear that the Legislature intended to compensate one unjustly imprisoned only for the damages directly flowing from the imprisonment, not from the fact that one is charged or convicted with a crime.

Claimant is therefore awarded the sum of Eight Thousand Five Hundred Dollars ($8,500) as compensation for his unjust imprisonment.